UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROGER GEORGE TEMETHY, | ) | CASE NO. 1:26-cv-00464 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| JUDGE SHANNON GALLAGHER, | ) | **<u>OPINION AND ORDER</u>** |
| | ) | |
| Defendant. | ) | |

Before the Court is *pro se* Plaintiff Roger Temethy's ("Plaintiff") Complaint. (Doc. 1.)

For the reasons stated herein, the Complaint is DISMISSED with prejudice. His motion to

proceed *in forma pauperis* (Doc. 2) is GRANTED.

## I. BACKGROUND

This is Plaintiff's third attempt to challenge a state court judgment issued by Defendant

Judge Shannon Gallagher. On March 31, 2025, Plaintiff filed a complaint in the Cuyahoga

County Court of Common Pleas. *See Temethy v. Ohio Dep't of Job and Fam. Servs.*, No. CV-

25-114635 (Cuyahoga Cnty. Ct. Com. Pleas filed on Mar. 31, 2025). The matter was assigned to

Judge Gallagher. On May 27, 2025, Judge Gallagher granted the defendant's motion to dismiss.

*Id.* (Journal Entry dated May 27, 2025). On June 30, 2025, Plaintiff filed a complaint in this

District naming Judge Gallagher as a defendant. *See Temethy v. Gallagher*, No. 25-cv-01355

(N.D. Ohio Aug. 5, 2025). Plaintiff sought monetary damages for violations of his constitutional

rights in connection with the state court judgment. On August 5, 2025, the district court *sua*

*sponte* dismissed the action under 28 U.S.C. § 1915(e). The court explained that any official

capacity claim against a state court judge was barred by the Eleventh Amendment and any individual capacity claim against Judge Gallagher was barred by judicial immunity.

Days later, on August 11, 2025, Plaintiff filed a second action in this District asserting the same claim against Judge Gallagher based on the same facts. *See Temethy v. Gallagher*, No. 25-cv-1664 (N.D. Ohio filed Aug. 11, 2025). In his complaint, Plaintiff acknowledged Judge Gallagher is immune from suits for money damages but asked the district court to "take action" to protect his due process and jury trial rights. As before, the district court dismissed the complaint *sua sponte* under Section 1915(e) on four separate grounds. First, the complaint failed to meet the minimum pleading standard under *Twombly* and *Iqbal*. Second, the complaint sought relief in the form of overturning or vacating a state court decision which is barred by the *Rooker-Feldman* doctrine. Third, the district court found *Younger* abstention also applies. Lastly, the district court found any claim for money damages, to the extent the complaint could be construed to request monetary relief, was barred by juridical immunity.

Undeterred by the above dismissals, on February 25, 2026, Plaintiff filed the instant action. (Doc. 1.) In his Complaint, he asserts similar facts and similar claims against Judge Gallagher as those asserted in the other dismissed cases. (*Id.* at 3-4.) He alleges violations of his due process and jury trial rights in the state courts. (*Id.*) Plaintiff does not allege any facts and only states the dismissal of his state case by Judge Gallagher was improper.

## II. ANALYSIS

### A. Legal Standard

District courts are expressly required, under 28 U.S.C. § 1915(e), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). A complaint must still contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion tests whether the complaint meets this standard. To survive a Rule 12(b)(6) motion for failure to state a claim, the complaint must make out a plausible legal claim, meaning the complaint's factual allegations must be sufficient for a court "to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Plausibility does not require any specific probability of success, but it does demand "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When courts evaluate whether a complaint makes out a plausible claim, they must accept all factual allegations as true. *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 534 (6th Cir. 2017) (quoting *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016)). Courts must also draw all reasonable inferences in favor of the plaintiff, and they must generally construe the complaint in the light most favorable to the plaintiff. *Id.* But courts do not accept legal conclusions or other conclusory allegations as true. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010)). And courts need not make unwarranted factual inferences. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

**B.**    **Analysis**

As an initial matter, a federal district court does not have legal authority to intervene in a pending state court action, overturn a state court judgment, compel a state court judge to rule differently on a motion, or remove a state court judge from a case or from the bench.  *Seyka v. Corrigan*, 46 F. App'x 260, 261 (6th Cir. 2002).  Federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").  This Court cannot grant the relief Plaintiff seeks.

Furthermore, Plaintiff has already been informed on two prior occasions that he cannot challenge the state court decision by suing Judge Gallagher in federal court.  He cannot litigate this claim for a third time.  The case is barred by *res judicata*.  "[R]es judicata" means "a matter [already] judged."  Black's Law Dictionary (11th ed. 2019).  The doctrine of *res judicata* bars duplicative litigation based on the same event or events.  *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979).  The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment.  *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990).  It bars relitigation of every issue brought before the court and every issue or defense that should have been raised in the previous action.  *Id.*  Furthermore, *res judicata* bars parties from relitigating in federal court claims and issues that were previously decided by a state court.  *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

The doctrine of *res judicata* consists of two separate preclusion concepts: issue preclusion and claim preclusion.  *Heyliger v. State Univ. & Cmty. Coll. Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir.1997).  Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.  *New Hampshire v. Maine*, 532 U.S. 742, 748-49, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001).  Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim.  *Id*.

This case is barred by both issue and claim preclusion.  Plaintiff raised his due process claim in two prior actions.  Claim preclusion bars him from raising that claim again in this action.  Moreover, a federal court's limited authority to review a state court decision and remove a state court judge have already been addressed.  Issue preclusion bars Plaintiff from litigating those questions for a third time in the hope of obtaining a different result.

**C.      Restricted Filer**

Courts in this District have been tolerant of Plaintiff's *pro se* attempts to challenge the state court judgment; however, there comes a point when this Court can no longer allow Plaintiff to continue to do so at taxpayer expense.  The filing of frivolous lawsuits and motions strains an already burdened federal judiciary.  Every paper filed with the Clerk of Court, no matter how repetitious or frivolous, requires some portion of the Court's limited resources.  It is the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.  *In re McDonald*, 489 U.S. 180, 184, 109 S. Ct. 993, 103 L. Ed. 2d 158 (1989).  Our ability to perform our duties is compromised when we are forced to devote limited resources to

the process and address repetitious and frivolous filings. *In re Sindram*, 498 U.S. 177, 179-80, 111 S. Ct. 596, 112 L. Ed. 2d 599 (1991).

After a careful review of Plaintiff's conduct in this and other related cases filed in the District, it appears Plaintiff will continue to bring lawsuits against Judge Gallagher to challenge that state court judgment unless some restrictions are imposed.

Plaintiff did not pay the filing fee in any of the three cases he filed in this Court. In both prior cases, the district court granted his motions to proceed *in forma pauperis*. The Court will grant his Motion in this case; however, from this point forward, if Plaintiff files another case against Judge Gallagher, files a case that otherwise challenges the state court judgment, or challenges any of the decisions of this Court denying him relief against Judge Gallagher, the Court will deny his motion to proceed *in forma pauperis* and he will be required to pay the full filing fee of $405.00. Proceeding *in forma pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). Federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. at 184-85; *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir.1989) (per curiam).

Furthermore, Plaintiff is cautioned that if he continues to file frivolous lawsuits, the Court may impose additional sanctions including a permanent injunction from proceeding *in forma pauperis* in any future case, or a permanent injunction from filing lawsuits without first seeking and obtaining leave of court. *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992).

## III.    CONCLUSION

This action is DISMISSED pursuant to 28 U.S.C. § 1915(e). Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is GRANTED. The Court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date:  April 30, 2026

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE